```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X

THE SECRETARY OF THE U.S. DEPARTMENT
OF HOUSING AND URBAN DEVELOPMENT,
                                                    MEMORANDUM & ORDER
                    Plaintiff,                      21-CV-3165 (KAM)

        - against -


MICHAEL RHODIE, as Successor Co-Trustee
of the Lornice Rhodie Revocable Living
Trust; INEZ RHODIE a/k/a INEZ BROOKS,
as Successor Co-Trustee of the Lornice
Rhodie Revocable Living Trust; JAMES
DOZIER; JOHN DOES #1-5; JANE DOES #1-5,

                    Defendants.

------------------------------------------X
```

KIYO A. MATSUMOTO, United States District Judge:

Plaintiff, the Secretary of the United States Department of Housing and Urban Development (HUD), moves for a default judgment of foreclosure and sale against Defendants Michael Rhodie, Inez Rhodie a/k/a Inez Brooks, and James Dozier. (ECF No. 23.) Plaintiff has dismissed the John and Jane Doe defendants. (*Id.*) To date, despite being properly served with process and notice of the motion for default judgment, Defendants have not defended or otherwise appeared in this action. For the reasons set forth below, Plaintiff's motion is GRANTED.

## BACKGROUND

This action concerns mortgaged premises located at 70 Powell Street, Roosevelt, NY 11575 (the "Property"). (ECF No. 1

("Compl.") ¶ 10.)  On June 22, 2011, Lornice Rhodie – as trustee of the Lornice Rhodie Revocable Living Trust – executed and delivered a fixed rate note and a Home Equity Conversion Mortgage, also known as a reverse mortgage, in the amount of $480,000.00 to Mortgage Electronic Registration Systems Inc. ("MERS"), as nominee for Nationwide Equities Corp.  (*Id.* ¶ 8; *see* ECF No. 1-2 at 2-5 ("Note")[1]; *id.* at 7-18 ("Mortgage").)[2]  On October 26, 2017, MERS, as nominee for Nationwide Equities Corp., assigned the Mortgage to the Secretary of HUD.  (Compl. ¶ 14; *see* ECF No. 1-4 ("Assignment").)

Pursuant to the Note, the lender "may require immediate payment-in-full of all outstanding principal and accrued interest if . . . [a] Borrower dies and the Property is not the principal residence of at least one surviving Borrower." (Note at 3.)  Upon requiring immediate payment-in-full in accordance with this provision, the lender is authorized to commence a judicial foreclosure action.  (Mortgage at 13.)

On August 5, 2018, Lornice Rhodie died.  (Compl. ¶ 27; *see* ECF No. 1-1 ("Death Certificate").)  Following her death, the Property has been abandoned.  (Compl. ¶ 19; *see* ECF No. 1-5

---

[1] All pin citations refer to the page number assigned by the court's CM/ECF system.
[2] Simultaneous with the execution of the Mortgage and Note, Ms. Rhodie executed a second fixed rate note and a collateral mortgage in favor of the Secretary of HUD.  (Compl. ¶ 11; *see* ECF No. 1-3.)  The collateral mortgage provided additional security for the Mortgage that is the subject of the instant action. (Compl. ¶ 13.)

("Affidavit of Inspection").) Based on Ms. Rhodie's death and the abandonment of the Property, Plaintiff commenced this action on June 4, 2021, seeking to foreclose on the mortgaged premises and the payment of all outstanding amounts due on the Note through a judgment of foreclosure and sale. (Compl. ¶ 22.) Plaintiff named as Defendants James Dozier – the surviving spouse of Ms. Rhodie and an original obligor under the Note – as well as Ms. Rhodie's children, Michael Rhodie and Inez Rhodie a/k/a Inez Brooks, who are record owners and original obligors under the Note as successor co-trustees of the Lornice Rhodie Revocable Living Trust. (*Id.* ¶¶ 28-30.)[3]

After commencing this action, Plaintiff properly served Ms. Rhodie's husband and children with the summons and complaint. Ms. Rhodie's husband, James Dozier, was personally served on July 17, 2021. (ECF No. 15.) Ms. Rhodie's daughter, Inez Rhodie, was personally served on July 20, 2021. (ECF No. 14.) Ms. Rhodie's son, Michael Rhodie, was personally served on July 21, 2021. (ECF No. 16.) Despite being properly served with the summons and complaint, Defendants failed to appear or otherwise defend in this

---

[3] Plaintiff also named John Does #1-5 and Jane Does #1-5 as Defendants, representing "tenants, occupants[,] or other persons, if any, having or claiming any estate or interest in possession upon the mortgaged premises or any portion thereof." (Compl. ¶ 31.) In the instant motion, Plaintiff requests that the court dismiss the John and Jane Doe defendants because Plaintiff has ascertained that there are no persons occupying the premises. (ECF No. 23-2 ("Pl.'s Mem.") at 3.) Plaintiff's request is GRANTED, and the John and Jane Doe defendants are DISMISSED. *See, e.g.*, *Sec'y of U.S. Dep't of Hous. & Urban Dev. v. Gilbert*, 2022 WL 344270, at *4 (N.D.N.Y. Feb. 4, 2022).

action.  On August 12, 2021, Plaintiff requested a certificate of default as to each Defendant.  (ECF Nos. 17-19.)  On August 20, 2021, the Clerk of Court entered each Defendant's default pursuant to Federal Rule of Civil Procedure 55(a).  (ECF Nos. 20-22.)

On October 2, 2021, Plaintiff filed the instant motion for default judgment.  (ECF No. 23.)  Plaintiff complied with Local Civil Rule 55.2(b) of the Eastern and Southern Districts of New York by appending to its motion the Clerk's certificates of default, the complaint, and a proposed form of default judgment. (ECF Nos. 23-11, 23-13, 23-14.)  Plaintiff also complied with Local Civil Rule 55.2(c) by simultaneously mailing copies of the motion for default judgment and all supporting materials to Defendants at their last known addresses.  (ECF No. 23-16.)  To date, Defendants have not appeared, answered, or otherwise responded to the complaint or the motion for default judgment.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, a movant must complete a two-step process to obtain a default judgment. *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 123 (E.D.N.Y. 2011); *La Barbera v. Fed. Metal & Glass Corp.*, 666 F. Supp. 2d 341, 346-47 (E.D.N.Y. 2009).  First, the Clerk of the Court must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed.

4

R. Civ. P. 55(a); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). Second, upon the Clerk's entry of default, the movant "may then make an application for entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)." *Rodriguez*, 784 F. Supp. 2d at 123. "'The court is to exercise sound judicial discretion' in determining whether the entry of default judgment is appropriate." *Trs. of Local 7 Tile Indus. Welfare Fund v. City Tile, Inc.*, 2011 WL 917600, at *1 (E.D.N.Y. Feb. 18, 2011) (quoting *Badian v. Brandaid Commc'ns Corp.*, 2004 WL 1933573, at *2 (S.D.N.Y. Aug. 30, 2004)), *report and recommendation adopted*, 2011 WL 864331 (E.D.N.Y. Mar. 10, 2011).

Here, the Clerk of the Court entered a default against Defendants on August 20, 2021 (ECF Nos. 20-22), and Plaintiff thereafter filed the unopposed motion for default judgment presently before the court. As previously mentioned, Defendants have been properly served with the summons and complaint (ECF Nos. 14-16) and with the motion for default judgment. (ECF No. 23-16.) Despite being provided with notice of the motion, Defendants have not appeared, moved to vacate the Clerk's entry of default, or otherwise opposed the motion for default judgment. Consequently, Plaintiff has completed the necessary steps to obtain a default judgment. *See Bricklayers Ins. & Welfare Fund v. David & Allen Contracting, Inc.*, 2007 WL 3046359, at *2 (E.D.N.Y. Oct. 16, 2007) ("In civil actions, when a party fails to appear after [being]

5

given notice, the court normally has justification for entering default." (citing *Bermudez v. Reid,* 733 F.2d 18, 21 (2d Cir. 1984))).

## **DISCUSSION**

### I. Liability

Defendants' default in this case, however, "does not necessarily conclusively establish . . . defendant[s'] liability." *Trs. of the Plumbers Local Union No. 1 Welfare Fund v. Philip Gen. Constr.*, 2007 WL 3124612, at *3 (E.D.N.Y. Oct. 23, 2007). Instead, the court "must still determine whether the plaintiff has stated a cause of action." *Bd. of Trs. of the UFCW Local 174 Pension Fund v. Jerry WWHS Co.*, 2009 WL 982424, at *3 (E.D.N.Y. Apr. 10, 2009) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)); *see also, e.g., Philip Gen. Constr.*, 2007 WL 3124612, at *3 ("[E]ven after default it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." (quoting *In re Wildlife Ctr., Inc.*, 102 B.R. 321, 325 (Bankr. E.D.N.Y. 1989))).

"Under New York law, a plaintiff seeking to foreclose upon a mortgage must demonstrate the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment on the loan secured by the mortgage." *Winward Bora, LLC v. Brown*, 2022 WL 875100, at *3 (E.D.N.Y. Mar. 24, 2022)

(quotations and citation omitted). "Once a plaintiff mortgagee in a foreclosure action has established a *prima facie* case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." *Id.* (citation omitted). The court concludes that Plaintiff has established a *prima facie* case and is thus entitled to a default judgment.

First, Plaintiff has demonstrated the existence of the Mortgage and Note. (ECF No. 1-2.) The exhibits appended to Plaintiff's complaint show that the Mortgage was recorded in the Nassau County Clerk's Office on September 13, 2011, and covers the Property at 70 Powell Street, Roosevelt, NY 11575. (Mortgage at 6-8.) Second, by virtue of the assignment from MERS, as nominee for Nationwide Equities Corp., to HUD, Plaintiff has also established that it "is the owner and holder of the Mortgage and Note." (Compl. ¶ 16; *see* Assignment.) Finally, Plaintiff has established a default under the provision entitling Plaintiff to "require immediate payment-in-full of all outstanding principal and accrued interest if . . . [a] Borrower dies and the Property is not the principal residence of at least one surviving Borrower." (Note at 3; Mortgage at 10.) The complaint alleges – and the exhibits attached to the complaint demonstrate – that the property has been vacant following Ms. Rhodie's death, thus triggering a default. (Compl. ¶¶ 17-19; *see* Certificate of Death; Affidavit of

7

Property Inspection; *see also* Mortgage at 13 ("If Lender requires immediate payment-in-full . . . Lender may foreclose this Security Instrument by judicial proceeding.").) Accordingly, the court finds that Plaintiff has established a *prima facie* case and is thus entitled to a default judgment. *See, e.g., Sec'y of U.S. Dep't of Hous. & Urban Dev. v. Toscano*, 2021 WL 6424600, at *3 (E.D.N.Y. Dec. 20, 2021) (recommending entry of default judgment where "HUD has presented the requisite documentation to establish a *prima facie* case" and the defaulting defendants "have not made an affirmative showing to overcome the plaintiff's *prima facie* case"), *report and recommendation adopted*, 2022 WL 103678 (E.D.N.Y. Jan. 11, 2022).

The court notes that neither the complaint nor the materials submitted in connection with the motion for default judgment include facts establishing that Plaintiff provided a 90-day notice prior to commencing this action in accordance with Section 1304 of New York Real Property Actions and Proceedings Law ("RPAPL"). Plaintiff's complaint merely offers the legal conclusion that it was "exempt" from providing a Section 1304 notice "because the mortgagor is deceased and [the Property] is not a principal residence." (Compl. ¶ 33.) Although some New York courts have found a Section 1304 notice is not required when the borrower has died, *see, e.g., U.S. Bank N.A. v. Levine*, 36 N.Y.S.3d 786, 788 (N.Y. Sup. Ct. 2016), it is far from clear that

8

Ms. Rhodie's death could excuse the failure to provide a Section 1304 notice to (1) her children, as the successor co-trustees of the Lornice Rhodie Living Trust, which was a signatory to the Note and the Mortgage (*see* Note at 5; Mortgage at 15); or (2) her husband, who signed the Mortgage and is alleged to be an "original obligor under the Note" (*see* Mortgage at 15; Compl. ¶ 30.)  *See also, e.g.*, *OneWest Bank FSB v. Prestano*, 2015 WL 6205613, at *10 (N.Y. Sup. Ct. Oct. 13, 2015) (concluding that the plaintiff did not establish compliance with Section 1304 where the defendant had signed the mortgage but not the note).

Nevertheless, Plaintiff is "not required to demonstrate its compliance with RPAPL 1304 in order to obtain a default judgment, since the failure to comply with RPAPL 1304 is not a jurisdictional defect, and that defense was not raised by [Defendants], who failed to answer the complaint."  *HSBC Bank USA v. Thorne*, 189 A.D.3d 1193, 1195 (2d Dep't 2020) (quotations and citation omitted); *accord Deutsche Bank Nat'l Tr. Co. v. Silverman*, 114 N.Y.S.3d 110, 113 (2d Dep't 2019); *see also, e.g.*, *Chase Home Fin. v. Guido*, 189 A.D.3d 1339, 1340 (2d Dep't 2020) ("[A] plaintiff is not required to disprove the defense unless it is raised by defendants, and in this case the defendants failed to appear in the action or answer the complaint."); *Freedom Mortgage Corp. v. Phillip*, 2020 WL 9812917, at *4 (E.D.N.Y. Mar. 2, 2020) ("As the requirements set forth in RPAPL §§ 1304 and 1306 are not

9

jurisdictional, challenges to compliance with those sections must be raised by defendants." (collecting cases)), *report and recommendation adopted*, Minute Order (April 8, 2020). Although the court recognizes that other courts in this district have scrutinized compliance with Section 1304 in the default judgment context, "none of these courts ha[s] engaged . . . with the countervailing Appellate Division cases." *Freedom Mortgage Corp. v. Powell*, 2020 WL 4932145, at *3 (E.D.N.Y. Aug. 24, 2020).

This court "is bound to apply [state] law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest court would reach a different conclusion." *Abbey Hotel Acquisition, LLC v. Nat'l Surety Corp.*, 2022 WL 1697198, at *2 (2d Cir. May 27, 2022) (quoting *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 499 (2d Cir. 2020)). Because the New York Court of Appeals has not "addressed whether § 1304 is properly considered on a motion for default judgment," *Freedom Mortgage Corp.*, 2020 WL 4932145, at *2 n.1, the court finds the Appellate Division cases cited above persuasive and concludes that Plaintiff's failure to establish compliance with Section 1304 does not preclude the entry of default judgment.

## II. Damages and Remedies

The court may not accept as true Plaintiff's factual allegations related to damages. *J&J Sports Prods., Inc. v. LX*

10

*Food Grocery, Inc.*, 2016 WL 6905946, at *2 (E.D.N.Y. Nov. 23, 2016) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)). Instead, "[t]he court must be satisfied that Plaintiff has met the burden of proving damages to the court with 'reasonable certainty.'" *Id.* (quoting *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "Although requests for damages are usually established by the plaintiff in an evidentiary hearing, the court can make such determination without a hearing when supported by sufficiently detailed affidavits and documentary evidence." *Id.* (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)).

First, Plaintiff seeks a judgment of foreclosure and sale of the Property, located at 70 Powell Street, Roosevelt, NY 11575. The court grants the requested relief, as Plaintiff has demonstrated the existence of the Mortgage, Note, and Defendants' default. *See, e.g., OneWest Bank, N.A. v. Denham*, 2015 WL 5562980, at *14 (E.D.N.Y. Aug. 31, 2015) ("A plaintiff is entitled to foreclose on a property if it demonstrates the existence of an obligation secured by a mortgage, and a default on that obligation." (quotations and citation omitted)), *report and recommendation adopted*, 2015 WL 5562981 (E.D.N.Y. Sept. 21, 2015). Relatedly, Plaintiff has submitted an affidavit showing the specific amounts owed by Defendants under the Note, including

11

$230,011.87 in principal, $173,871.00 in interest as of August 5, 2022, *per diem* interest accruing at a rate of $68.40 from August 6, 2022 until the date judgment is entered, and a mortgage insurance premium of $45,163.37.  (ECF No. 24-1 ("Suppl. Anderson Aff.") ¶ 5.)  The court finds that Defendants' default entitles Plaintiff to these amounts, which shall be satisfied through the foreclosure sale.  *See, e.g.*, *Wilmington PT Corp. v. Bonilla*, 2021 WL 7908030, at *6 (E.D.N.Y. Aug. 19, 2021) ("Plaintiff has established its right to foreclose on the Property due to Borrowers' default on the Mortgage and Note.  Accordingly, this Court respectfully recommends that the Property be foreclosed and sold and that the proceeds be applied to the total amount owed on the Note."), *report and recommendation adopted*, Minute Order (E.D.N.Y. Sept. 8, 2021).

Plaintiff also requests that the court award $1,323.04 in costs, reflecting the expenditure of $355.32 for the filing of the notice of pendency, $462.72 for conducting a title search, and $505.00 for service of process.  (ECF No. 23-12 ("Bill of Costs"); *see* ECF No. 23-8 ("Notice of Pendency"); ECF No. 23-9 ("Title Search"); ECF No. 23-10 ("Service of Process").)  "A plaintiff in a foreclosure action may recover . . . costs against a borrower-defendant if the note or mortgage provides for such an award." *U.S. Bank Nat'l Ass'n v. Swezey*, 2022 WL 1422841, at *10 (E.D.N.Y. Mar. 24, 2022), *report and recommendation adopted*, 2022 WL 2390989

(E.D.N.Y. July 1, 2022). Here, the terms of the Note and Mortgage provide that "the debt enforced through sale of the Property may include costs and expenses . . . to the extent not prohibited by law." (Note at 3; *see* Mortgage at 13.) The court finds that the costs sought by Plaintiff are reasonable and awards the requested amounts, totaling $1,323.04. *See, e.g.*, *U.S. Bank Nat'l Ass'n*, 2022 WL 1422841, at *10 (finding that similar fees for title search, service of process, and the filing of a notice of pendency represented "adequately documented and recoverable litigation costs").

In addition, Plaintiff requests that the court appoint Stanley Amelkin, Esq. to conduct the foreclosure sale for a fee of $750.00, to be deducted from the proceeds of the sale. (Pl.'s Mem. at 5.) "Courts routinely appoint referees to effectuate the sale of foreclosed properties." *Winward Bora, LLC v. Castiglione*, 2019 WL 2435670, at *5 (E.D.N.Y. Jan. 10, 2019) (collecting cases), *report and recommendation adopted*, Minute Order (E.D.N.Y. Mar. 8, 2019). Accordingly, the court appoints Mr. Amelkin to conduct the foreclosure sale and finds that the requested fee of $750.00 is reasonable. *See, e.g.*, *Winward Bora, LLC*, 2022 WL 875100, at *6 (approving $750.00 fee). The court also grants Plaintiff's requests to deduct from the proceeds of the sale the other expenses of conducting the sale, such as advertising costs, as well as "taxes, assessments, sewer rents, water rates[,] and any charges

13

placed upon the property by a city agency which have priority over the foreclosed mortgage." (ECF No. 23-13 ("Proposed Judgment") at 3.) *See, e.g., Winward Bora, LLC*, 2022 WL 875100, at *6 (approving such expenses).

Finally, Plaintiff requests that the court award post-judgment interest. (*See* Proposed Judgment at 3.) Pursuant to 28 U.S.C. § 1961, "[t]he award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (citation omitted). As such, post-judgment interest shall accrue at the federal statutory rate from the entry of judgment until the judgment is paid in full. 28 U.S.C. § 1961.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment is GRANTED. The court will separately issue an endorsed Judgment of Foreclosure and Sale. Plaintiff is directed to serve a copy of this Memorandum and Order and the Judgment on Defendants and note service on the docket. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: August 9, 2022
Brooklyn, New York

/s/ Kiyo A. Matsumoto
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York

14